**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST CHICAGO BANK & TRUST, an Illinois chartered bank, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 CV 5902 |
| LOWIS & GELLEN LLP, an Illinois limited liability partnership, and ROBERT D. LEAVITT, | ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) ) | |
| LOWIS & GELLEN LLP, an Illinois limited liability partnership, and ROBERT D. LEAVITT, | ) ) ) ) ) | |
| Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| KATTEN MUCHIN ROSENMAN, LLP, an Illinois limited liability partnership, WILLIAM J. DORSEY and JOHN P. SEIGER, | ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

**THIRD PARTY PLAINTIFFS' LOWIS & GELLEN LLP
AND ROBERT D. LEAVITT'S THIRD PARTY COMPLAINT FOR
CONTRIBUTION AGAINST KATTEN MUCHIN ROSENMAN LLP,
<u>WILLIAM J. DORSEY AND JOHN P. SEIGER</u>**

NOW COME Third Party Plaintiffs LOWIS & GELLEN LLP and ROBERT D. LEAVITT, by their attorneys Michael J. Flaherty, C. Corey S. Berman and the law firm of Flaherty & Youngerman, P.C., as and for their Third Party Complaint for Contribution against

1

Third Party Defendants KATTEN MUCHIN ROSENMAN LLP, WILLIAM J. DORSEY and JOHN P. SEIGER, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Federal Deposit Insurance Corporation, as Receiver for First Chicago Bank & Trust ("FDIC"), has filed a Complaint alleging that during Defendants' legal representation of First Chicago in connection with a secured loan transaction to IFC Credit Corporation ("IFC"), the Defendants committed malpractice by negligently documenting First Chicago's security interest in collateral for a $10 million loan facility and negligently misleading First Chicago to believe it had a perfected security interest in the collateral pursuant to the loan documents drafted by the Defendants. The collateral consisted of equipment leases for which the various lessees were by and large making timely lease payments.

2. The FDIC has alleged that a result of the Defendants' malpractice, (i) IFC double pledged approximately $4.5 million of the collateral intended to secure First Chicago's loan; (ii) the Trustee in IFC's bankruptcy proceeding sued First Chicago seeking: (a) recovery of $578,758.65 in payments made to First Chicago under the loan and (b) to avoid any interest First Chicago had in its collateral; (iii) the Trustee in IFC's bankruptcy proceeding avoided First Chicago's lien on its collateral; and (iv) First Chicago suffered additional actual damages due to legal fees and expenses in defending its interests in IFC's bankruptcy case, related adversary proceedings, state court litigation against the former officers and directors of IFC, and a $200,000 settlement payment to the trustee.

3. Defendants have filed their Answer and Affirmative Defenses denying all of the material allegations of Plaintiff's Complaint.

4.     Third Party Plaintiff LOWIS & GELLEN LLP is a law firm organized as a limited liability partnership practicing in the State of Illinois with its principal place of business in Chicago, Illinois.

5.     Third Party Plaintiff ROBERT D. LEAVITT is, and was at all times set forth in this Third Party Complaint, an attorney licensed in the State of Illinois and of counsel to LOWIS & GELLEN LLP.

6.     Third Party Defendant KATTEN MUCHIN ROSENMAN LLP is a law firm organized as a limited liability partnership practicing in the State of Illinois with its principal place of business in Chicago, Illinois.

7.     Third Party Defendants WILLIAM J. DORSEY and JOHN P. SEIGER are, and were at all relevant times, attorneys licensed in the State of Illinois and principals at KATTEN MUCHIN ROSENMAN LLP.

8.     Ancillary or supplemental jurisdiction and venue are proper over the Third Party Defendants and this Third Party action pursuant to Fed. R. Civ. P. 14 inasmsuch as Third Party Defendants are or may be liable to Third Party Plaintiffs for all or part of Plaintiff's claim against Defendants/Third Party Plaintiffs and the claim of the Third Party Plaintiffs arises out of the same transaction or set of facts which gave rise to the Plaintiff's claim, over which this Court has jurisdiction pursuant to 12 U.S.C. § 1819.

## FACTUAL ALLEGATIONS

9.     In or before May 2009, First Chicago engaged Third Party Defendants KATTEN MUCHIN ROSENMAN LLP, WILLIAM J. DORSEY and JOHN P. SEIGER (Third Party Defendants are collectively referred to herein as "KATTEN") as its successor

3

counsel to Third Party Plaintiffs to represent it in connection with certain matters related to IFC.

10. Pursuant to such engagement, KATTEN at all times owed First Chicago duties to act within the standard of care applicable to attorneys, including a duty to act as reasonably competent attorneys would have acted under the circumstances.

11. On June 4, 2009, KATTEN filed a financing statement against IFC on behalf of First Chicago.

12. On June 5, 2009, KATTEN filed an amended financing statement against IFC on behalf of First Chicago.

13. On June 12, 2009, KATTEN filed another amended financing statement against IFC on behalf of First Chicago.

14. The June 4, 2009 financing statement filed by KATTEN on behalf of First Chicago perfected First Chicago's security interest in the collateral.

15. First Chicago's perfected security interest in the collateral gave it priority secured status with respect to the collateral as of June 4, 2009.

16. On July 7, 2009, KATTEN on behalf of First Chicago filed a complaint and emergency motion for the appointment of a receiver and temporary restraining order against IFC ("the State Court TRO Action").

17. The same day the State Court TRO Action was filed, the State Court entered a temporary restraining order enjoining IFC and those acting in concert with it from transferring or dissipating collections, accounts receivable, or cash.

18. Other creditors of IFC then joined the State Court Action and the restraining order was extended by agreement of the parties to July 27, 2009, at which time Judge Riley agreed to hear First Chicago's receiver motion.

19. At the morning session of the July 27, 2009 hearing, Judge Riley indicated he would hear the receiver motion that afternoon. At the afternoon session, IFC's then president, William Purcell, announced to the court that IFC's in-house counsel was in the process of filing a bankruptcy petition.

20. That afternoon (the "Petition Date"), IFC filed a voluntary, *pro se* petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which was assigned case number 09-27094 (the "Bankruptcy Case"). David P. Leibowitz was appointed the chapter 7 trustee over IFC's bankruptcy estate (the "Trustee").

21. On November 30, 2009, the Trustee filed a complaint against First Chicago (the "Avoidance Action"), initiating an adversary proceeding (Adversary Proceeding No. 09-01230) seeking, *inter alia,* to (i) avoid, pursuant to § 544 of the Bankruptcy Code, First Chicago's Security Interest in the collateral; (ii) avoid, pursuant to § 547 of the Bankruptcy Code, First Chicago's lien on the collateral as a preferential transfer perfected during the ninety days prior to the Petition Date (the "Avoidance Period"); (iii) avoid and recover, pursuant to §§ 547 and 550 of the Bankruptcy Code, payments made to First Chicago under the Loan during the Avoidance Period in the amount of $566,392.53 (the "Preference Payments"); (iv) avoid and recover, pursuant to §§ 549 and 550 of the Bankruptcy Code, payments made by lessees of the collateral to First Chicago after the Petition Date in the amount of $12,366.12 (the "Lessee Payments") and

(v) disallow any and all claims of First Chicago against IFC under the Loan pursuant to §§ 502(d) and 550 of the Bankruptcy Code.

22. The bulk of the relief sought by the Trustee was a direct consequence of KATTEN's negligence, overly zealous litigation tactics and malpractice in connection with forcing First Chicago to file for bankruptcy protection within ninety (90) days of First Chicago having perfected its security interest by filing one or more financing statements.

23. First Chicago entered into a settlement agreement with the Trustee to resolve the Adversary Action on December 1, 2010 (the "Settlement Agreement").

24. Pursuant to the Settlement Agreement, First Chicago agreed to return $200,000 of the Preference Payments to the Trustee (the "Settlement Payment"), First Chicago's security interest in the collateral was avoided, and First Chicago assigned all of its interest in the collateral to the Trustee.

25. The Settlement Agreement was approved by the Bankruptcy Court on December 23, 2010.

26. The Plaintiff alleges that First Chicago sustained millions of dollars of monetary damages only after IFC filed the Bankruptcy Case.

## COUNT I — PROFESSIONAL NEGLIGENCE

27. Third Party Plaintiffs reallege and incorporates herein Paragraphs 1 through 26 above as though fully set forth herein.

28. Third Party Defendants were retained by First Chicago to determine whether additional steps needed to be taken to perfect First Chicago's Loan to IFC and to take such additional steps that were needed to perfect First Chicago's Loan to IFC. In that capacity, they, *inter alia,* each had a duty to handle First Chicago's matters with reasonable care and skill.

6

29. Third Party Defendants each breached their duties to exercise reasonable care and skill in one or more of the following respects:

    a. failing to file UCC financing statements on behalf of First Chicago prior to June 4, 2009;

    b. filing emergency receivership and temporary restraining order litigation against IFC within 90 days of having filed UCC financing statements on behalf of First Chicago;

    c. failing to recognize that filing emergency receivership and temporary restraining order litigation against IFC within 90 days of having filed UCC financing statements on behalf of First Chicago was reasonably likely to result in IFC filing for bankruptcy protection within the Avoidance Period;

    d. failing to advise and/or recommend to First Chicago after June 4, 2009 that First Chicago not take any affirmative action against IFC within 90 days of the filing of the UCC financing statement that might interfere with First Chicago's existing status as a perfected secured creditor of IFC;

    e. failing to advise First Chicago after June 4, 2009 of the risk of taking affirmative legal action against IFC, such as filing emergency receivership and temporary restraining order litigation within 90 days of the filing of the UCC financing statements; and

    f. otherwise failing to provide First Chicago with proper legal advice regarding protecting First Chicago's existing status as a perfected secured creditor of IFC.

30. Third Party Defendants failed to act as reasonable and careful lawyers would act and undertook their representation in a careless and negligent manner.

31. Any attorney exercising ordinary care would have known the risk of initiating aggressive legal action against a debtor in IFC's position within 90 days of perfecting a security interest against IFC, and would have advised its client that the appropriate course of action was to wait until after the Avoidance Period to initiate litigation against IFC.

32. If KATTEN had not caused First Chicago to initiate the State Court Action against IFC within 90 days of perfecting First Chicago's interest in the collateral, IFC would not

have filed for bankruptcy protection within the Avoidance Period and First Chicago would not have lost its perfected secured interest in the collateral.

33. If First Chicago had not lost its perfected secured interest in the collateral, First Chicago would not have incurred any damages as a result of the Bankruptcy Case because the collateral consisted of performing leases, which security would have accomplished the repayment of First Chicago's loan to IFC.

34. As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions by KATTEN, Plaintiff allegedly sustained damages of which it now complains.

35. At all times relevant herein, there was in full force and effect in Illinois the Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 *et seq.*, which provides for a contribution among joint tortfeasors.

36. If Defendants/Third Party Plaintiffs should be found liable to the Plaintiff for damages in any amount, which liability Defendants/Third Party Plaintiffs expressly deny, then it shall be entitled to contribution from Third Party Defendants KATTEN MUCHIN ROSENMAN LLP, WILLIAM J. DORSEY and JOHN P. SEIGER in an amount commensurate with Third Party Defendants' degree of fault in causing Plaintiff's injuries and damages and/or to the extent of its liability under Illinois law.

WHEREFORE, Defendants/Third Party Plaintiffs LOWIS & GELLEN, LLP and ROBERT D. LEAVITT pray that if the trier of fact should find it liable to Plaintiff Federal Deposit Insurance Corporation, as Receiver for First Chicago Bank & Trust, in any amount, that this Court enter judgment for contribution in its favor and against Third Party Defendants KATTEN MUCHIN ROSENMAN LLP, WILLIAM J. DORSEY and JOHN P. SEIGER, jointly

and severally, in an amount commensurate with KATTEN MUCHIN ROSENMAN LLP, WILLIAM J. DORSEY and JOHN P. SEIGER's degree of fault in causing Plaintiff's injuries and damages and/or to the extent of its liability under Illinois law, award Defendants/Third Party Plaintiffs LOWIS & GELLEN, LLP and ROBERT D. LEAVITT's costs and attorneys' fees, and award such other relief as the Court deems just and proper.

                                                LOWIS & GELLEN LLP and ROBERT D. LEAVITT

                                                By:    s/ C. Corey S. Berman
                                                           One of their attorneys

Michael J. Flaherty (ARDC #6187147)
C. Corey S. Berman (ARDC #6203763)
Flaherty & Youngerman, P.C.
20 S. Clark Street, Suite 1050
Chicago, IL 60603
312-782-4700